## Moore *versus* The School Directors of Clearfield.

1. School directors being authorized by law, levied a tax to pay bounties, and issued a warrant for its collection. They were not liable in an action of trespass, for seizing a delinquent tax-payer's goods, although the persons to whom they were about to pay the bounty were not within the purview of the law.

2. Their act was an exercise of sound discretion and therefore not void.

3. The proper course for a tax-payer doubting the legality of the disbursement, was to restrain its payment by appropriate proceedings or contest the payment before the auditors.

4. Drafted men who paid substitutes are entitled to bounty under the Act of August 25th 1864.

October 26th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Cambria county* : No. 44, to October and November Term 1867.

The action was trespass by D. & C. Moore against the school directors of Clearfield district, brought before a justice of the peace, and removed by appeal into the Court of Common Pleas to June Term 1866. The facts necessary to an understanding of the questions decided appear to be these.

On the 1st of October 1864 the directors passed a resolution, that for the purpose of raising money to pay a bounty of $300 to each volunteer crediting himself to the township not exceeding nineteen, they would issue coupon bonds to the amount of $5700. An ordinance was passed the same day for assessing a bounty tax. Eight or nine bonds, dated December 28th 1864, promising

to pay $300 with interest on or before the 28th of December 1866, were issued to men who had been drafted and procured substitutes, no volunteers having been put in to the credit of the township. In 1865 a bounty tax was assessed by the directors, and on the 1st of June 1865 Michael Dunnegan was appointed collector. He levied on and advertised the property of the plaintiffs for the payment of the bounty tax assessed on them; this was the trespass complained of.

In the course of the trial, before Taylor, P. J., a number of exceptions were taken to his rulings on questions of evidence.

After stating the leading facts, the judge charged:—

" This is the trespass complained of, and that for which claim is made in this form of action, against the present school directors. It is claimed, *first*, that the tax was levied without lawful authority ; and *secondly*, that levying and advertising the property without otherwise or further interfering with the possession of it, was, upon the authority of several cases cited, a *trespass*, for which the defendants are answerable in this form of action." * * *

" Whether or not the assessment of the tax was regular and legal or authorized by the Acts of Assembly passed for that purpose, may, we think, admit of controversy. But assuming that it was illegal, and assuming, also, in favor of the plaintiffs, that the writing, or entering by the collector on his book, of a list of the property mentioned or given him as a levy, and advertising it for sale, would without more, so far as it concerns that question, be an act of *trespass*, we cannot think it rendered the school directors liable in this form of action. The plaintiffs, we think, if likely to suffer wrong, had a remedy. Equity, we think, would have restrained the collection of taxes illegally assessed, if there was no legal remedy. The most that could be claimed as a legal remedy, we think, is that the collector himself would be answerable in trespass.

" But we cannot understand or receive the authorities cited as establishing the doctrine that the errors of *a board of school directors*, or the *commissioners* of a county, committed by an irregular or illegal assessment of taxes, may be legally corrected by actions of trespass against them ; a doctrine which it seems to us would clog the machinery of government, and utterly set at nought established distinctions between forms of action. These are not, in our view, *corporations* in the sense of any of the authorities cited for the purpose of showing that corporations may be trespassers.

" Entertaining this opinion upon this point, it is unnecessary now and here to discuss further any other questions made in the case ; since whatever conclusions we might form upon other questions, this opinion must now rule it. We therefore direct a verdict to be returned for the defendants."

[Moore *v.* School Directors of Clearfield.]

The verdict was for the defendants.

The plaintiffs took a writ of error, and, in addition to other specifications, assigned the charge for error.

*G. M. Reade,* for plaintiffs in error.—The defendants were liable on the principle of *respondeat superior* : Penna. Railroad *v.* Vandever, 6 Wright 371; Phila. & Reading Railroad *v.* Derby, 14 Howard 486; N. Y. & W. Telegraph Co. *v.* Dryburg, 11 Casey 303; Yerger *v.* Warren, 7 Id. 321. There was an actual trespass, Welsh *v.* Bell, 8 Casey 12. Injunction is a preventive remedy: Hilliard on Injunct. 3; Green *v.* Munford, 5 R. I. 478; Simms *v.* Mumford, Id. 472; Mechanics *v.* Debot, 1 Ohio 591; Pusey *v.* Wright, 7 Casey 396. An action will lie against school directors in their official character: Act of May 8th 1854, §§ 18, 20, Pamph. L. 620, Purd. 169, 170, pl. 28, 30. They are liable in trespass, having authorized the seizure: Fox *v.* Northern Liberties, 3 W. & S. 103; Angell & Ames on Corp., § 311.

*R. L. Johnston,* for defendants in error, cited Phila., Germ. & N. Railroad *v.* Wilt, 4 Whart. 143; Wharton *v.* School Directors, 6 Wright 363; Debolt *v.* Dunkard, 3 P. F. Smith 216.

The opinion of the court was delivered, November 5th 1868, by

AGNEW, J.—The plaintiff below mistook his remedy. When the board of school directors laid the tax, made out the duplicate, and issued the warrant to collect it, and when they authorized the issue of bonds to borrow money to pay bounties and relieve the township from the draft, they were clearly acting within their authority. A draft had been ordered, and the laws authorized them to borrow money and lay taxes to procure volunteers; and even to pay drafted men who had procured substitutes as volunteers in their stead.

The act of the directors was an exercise of sound discretion under the authority conferred upon them, and was therefore not void. In issuing the warrant the board was not guilty of an excess of authority, but exercised a high public function upon a just legal cause. If any of the persons to whom the directors were about to pay out money were believed not to be within the purview of the law, the proper course of the tax-payers who doubted the legality of the disbursement of the money was to restrain payment by proper legal proceedings, or to contest the payment before the auditors having jurisdiction of the accounts of the directors.

The legality of the disbursement of the money raised under a lawful proceeding cannot be tested by means of an action of trespass *vi et armis,* against the board, by every tax-payer who may choose to refuse payment, and suffer a levy to be made under the warrant. Such a mode of testing the appropriation of money

[Moore v. School Directors of Clearfield.]

ordered to be collected in a regular proceeding, would be onerous and oppressive to the district.

The drafted men who paid substitutes volunteering in their stead fell within the terms of the 3d sect. of the Act of the 25th of August 1864, and were entitled to the bounty. They were liable to the draft up to the time of putting in their substitutes: Debolt v. Dunkard Dist., 3 P. F. Smith 216. If the tax-payers believed the law to be beyond legislative power, they could contest the legality of payment to them, but certainly cannot subject the school district to actions of trespass *vi et armis* after a draft had conferred jurisdiction upon the board to borrow money and levy a tax.

This being a fundamental objection to the plaintiff's action, it becomes unnecessary to determine the remaining assignments of error, and the judgment must therefore be affirmed.

Judgment affirmed.